**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **VICTOR SAIDU**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 6614 |
| | ) |
| **BOARD OF TRUSTEES OF COMMUNITY** | ) |
| **COLLEGE DIST. NO. 508** d/b/a **CITY** | ) |
| **COLLEGES OF CHICAGO**, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

Board of Trustees of Community College Dist. No. 508 (the "Board"[1]) has filed its Answer and several Affirmative Defenses ("ADs") to the employment discrimination claim filed against it by Victor Saidu ("Saidu"). This memorandum order is issued sua sponte to address a few problematic aspects of that responsive pleading.

First, the deviation by the Board's counsel in Answer ¶¶ 2 and 8 from the plain roadmap marked out by the Fed. R. Civ. P. 8(b)(5) form of disclaimer might perhaps be mistakenly thought of as posing merely a technical problem -- but the omission of that Rule's concept of "belief" from Answer ¶¶ 2 and 8 is a substantive deficiency as well. Lack of information sufficient to form a belief is clearly a more difficult standard to meet than, for example, the lack

---

[1] Because the case caption refers to the Board as "d/b/a City Colleges of Chicago" and because Answer ¶ 3 admits that the Board "is the properly named defendant in this matter," it would seem anomalous to use the descriptive term "City Colleges" but treat it as a singular noun. Hence the usage that is employed in this memorandum order, which can comfortably use singular verbs without any apparent anomaly.

of knowledge of an alleged fact. Accordingly the Board's counsel are ordered to file an appropriate amendment of those two paragraphs of the Answer on or before December 1, 2014.

Next, some of the Board's ADs (ADs 2, 6 and 7) are not appropriate -- at least at this time. Each of them begins "To the extent . . .," a usage that is a sure tipoff to their present inappropriateness. As for AD 1, it is totally hypothetical and does not reflect anything now known to the Board. As and when it may develop during the course of the litigation that Saidu has in fact failed to mitigate his damages, it will then be appropriate to raise that issue by a properly-fleshed-out AD.[2] As for ADs 6 and 7, they too pose hypotheticals that may or may not reflect the parties' actual situation, so that once again the current "to the extent" statement serves no useful purpose.

Accordingly ADs 1, 6 and 7 are dismissed without prejudice. Nothing further need be done by the Board's counsel to address what has been said here.

                                                            Milton I. Shadur
                                                          Senior United States District Judge

Date: November 20, 2014

---

[2] Because federal pleading operates under a notice pleading regime whose purpose is to identify the respects in which the parties are or are not at odds, an anticipatory AD such as AD 1 serves no useful purpose.